UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.                        CASE NO.: 6:10-cv-01923-GAP-DAB

SHELLY R. COKER; JAMES DAVID
OSBORNE; and BELINDA A. KEELS,
individually and as parent, guardian and next
friend of A.L., a minor, and A.L., a minor,
individually,

    Defendants.
_____/

## DEFENDANT SHELLY R. COKER'S REPLY ON MOTIONS FOR SUMMARY JUDGMENT

Pursuant to the Court's Order of January 17, 2012, Defendant Shelly R. Coker hereby files this reply to State Farm's Memorandum of Law in Opposition to Coker's Motion for Summary Judgment.

## DISMISSAL OF THE UNDERLYING CASE HAS NOT MOOTED THIS CLAIM FOR DECLARATORY JUDGMENT

In their response to Coker's Motion for Summary Judgment, State Farm asserts that this declaratory judgment may have been rendered moot because the underlying liability case has been dismissed. Dismissal of the underlying case, however, does not moot the issues in this declaratory judgment because State Farm explicitly seeks a ruling that it has no duty to defend Coker for the claims in the liability Complaint. Further, Coker's right to pursue

attorney's fees against State Farm pursuant to Florida Statute § 627.428 makes this action have an issue in dispute, and, therefore, not moot.

Florida courts have recognized that even if the underlying liability case is over that an action for declaratory judgment is not rendered moot as long as there is present in the case an issue as to whether the insurer has or had a duty to defend. See <u>Nationwide v. Royall</u>, 2008 WL 2941365 (M.D. Fla.) (though liability case underlying a declaratory judgment action had been settled by the insured, the coverage case was not moot because the insurer was seeking a ruling that it had no duty to defend and could recover defense costs from the insured). In this case, State Farm has continually sought a ruling that it has no duty to defend Coker in regards to the underlying liability case. <u>See</u> State Farm's Memorandum of Law in Opposition to Coker's Motion for Summary Judgment at p. 2. Under Florida law, if State Farm were to get a ruling that there was no duty to defend the now dismissed liability case, then State Farm would have the legal right to assert that it can recover from Coker defense costs it has paid. See <u>Jim Black v. Transcontinental</u>, 932 So. 2d 516 (Fla. 2d DCA 2006); <u>Certain Interested Underwriters at Lloyds v. Halikoytakis</u>, 2011 WL 7305888 (M.D. Fla.). Clearly, because State Farm has been seeking a ruling in this case that there is no duty to defend the underlying action, the dismissal of the underlying action does not moot this dispute. The court should still adjudicate the proceeding to determine the duty to defend issues and who ultimately is responsible for payment of Coker's defense costs. See also <u>O'Malley v. Nationwide</u>, 890 So. 2d 1163 (Fla. 4th DCA 2004) (where plaintiffs dismissed the underlying tort action as a result of efforts of the insurer, the insured had the right to

make a claim to recover fees from the insurer); Coppola v. Federated National, 939 So. 2d 1171 (Fla. 4th DCA 2006) (if an insured gets the benefit of a defense provided by the insurance carrier, then they have prevailed in coverage litigation and are entitled to recover attorney's fees); Title & Trust Co. v. Salameh, 407 So. 2d 1035 (Fla. 1st DCA 1981) (where insurer claimed that coverage claim was moot because a title insurance policy had been delivered as requested; the court ruled that the action was not moot as there was still an issue as to the insured's right to recovery attorney's fees); Shelley's Septic Tank v. United States Fire Ins., 2011 WL 5358624 (M.D. Fla.) (indicating that if there is still an attorney's fee issue in dispute in a declaratory judgment action, there is still an issue to litigate, even if the underlying liability case is over). Of course, State Farm could voluntarily dismiss this action since the liability case is no longer pending. If they choose to do so, however, this is an acknowledgment of their duty to defend requiring them to pay Coker's attorney's fees. Mercury Ins. v. Cooper, 919 So. 2d 491 (Fla. 3d DCA 2005); Unterlock v. Westport Ins., 901 So. 2d 387 (Fla. 4th DCA 2005).

Florida courts have recognized that the obligation of an insurer to pay attorney's fees as set forth in Florida Statute § 627.428 becomes part and parcel of any policy issued under Florida law. See State Farm v. Palma, 629 So. 2d 830, 832 (Fla. 1993); Snow v. Jim Rathman, 39 So. 3d 368, 369-370 (Fla. 5th DCA 2010). Florida courts have concluded due to the existence of an insured's claim for attorney's fees that the dismissal of the underlying liability case does not render moot a declaratory judgment action. See Canal Ins. v. SP Transport, Inc., 272 Fed. Appx. 825, 2008 WL 918821 (11th Cir. Fla.) (holding that if an

underlying liability case is dismissed this does not moot a complaint for declaratory judgment because the court still must address the insured's claim for attorney's fees); Sonara v. Star Cas. Ins., 603 So. 2d 661 (Fla. 3d DCA 1992) (noting that even if the only issue in dispute is the insured's claim for attorney's fees that this is nonetheless a claim under the policy that the court should address); Cincinnati Ins. Co. v. Palmer, 297 So. 2d 96 (Fla. 4th DCA 1974) (also stating that even if the only claim left in coverage litigation is the insured's claim for attorney's fees, this still constitutes a claim under the policy that should be adjudicated by the court). See also Ottaviano v. Nautilus, 660 F.Supp.2d 1315 (M.D. Fla. 2009).

In this matter, though the underlying liability case has now terminated, because (1) State Farm has sought a ruling that it had no duty to defend the underlying case and (2) Coker has an independent right to seek recovery of her attorney's fees related to this declaratory judgment action, the instant matter is not moot. Thus, this Court should fully address the issues in this case to determine if there was in fact a duty to defend Coker and if Coker has a right to make an attorney's fee recovery back against State Farm.

To find this action moot would clearly do an injustice to Coker. Finding the action moot would require her (and/or her counsel) to absorb her own attorney's fees just because of the unforeseen dismissal of the liability case. Such a ruling would run contrary to the general purpose of the Florida attorney's fees statute which exists to assure if an insured gets a ruling that any type of coverage exists under a policy, the insured is placed in the same position financially that they would have been in if no litigation had ever occurred. See

Lewis v. Universal, 13 So. 3d 1079 (Fla. 4th DCA 2009); Travelers v. Meadows, 900 So. 2d 676 (Fla. 4th DCA 2005).

### UNDER PRINCIPLES OF INSURANCE LAW, COKER DID NOT HAVE POSSESSION OF THE VEHICLE UNTIL THE DAY SHE DROVE IT, AND, THEREFORE, COVERAGE EXISTS UNDER THE STATE FARM POLICIES

State Farm continues to improperly argue that under concepts of criminal and other law, Coker had legal possession of Osborne's vehicle. As indicated in Coker's prior memorandums of law, the Court is required to apply insurance policy concepts to the meaning of the word "possession" in addressing these coverage issues. Every single insurance coverage case in the country which has addressed the issue has found that the term "possession" is ambiguous, unclear, and must be interpreted against the insurer. Courts have repeatedly noted that "there is no word more ambiguous in its meaning than possession." See cases cited at pg. 12 of Coker's Motion for Summary Judgment. See also Tampa Pipeline v. Chase Manhattan, 928 F.Supp. 1568, 1576 (M.D. Fla. 1995) (when the term possession is undefined in an agreement, it is ambiguous because it has meanings in the law ranging from physical possession to constructive possession). The term is ambiguous as used in an insurance policy exclusion because possession could denote (1) mere physical custody of an item or (2) constructive possession of an item or (3) physical custody of an item coupled with the right to use the item for one's own use and benefit, etc. The word "possession" is undefined in the State Farm policy and is ambiguous as a matter of law because of its many legal definitions. The term has to be interpreted against State Farm. In this case, Coker certainly had custody of the vehicle. She did not, however, have the right to use it for her

5

own use and enjoyment. In fact, Coker's custody of the vehicle was solely for the benefit of Osborne. State Farm completely overlooks the legal concept of possession which requires more than the presence of mere custody.

State Farm does not cite a single insurance coverage case which supports its position. This is because courts in the insurance context have uniformly found the term possession to be ambiguous and have uniformly interpreted it against an insurer. Just because Coker let Osborne's truck sit in her driveway for his benefit did not result in her having legal possession of the vehicle. Legal possession remained with Osborne who had charge over the management and control of the truck. In fact, as indicated in Coker's Motion for Summary Judgment, Osborne did not even leave a set of keys to the truck with Coker and was unaware that she had keys. See facts discussed at Coker's Motion for Summary Judgment at pgs. 4-5. Certainly, this is not a factual situation where Osborne handed over management and control of his vehicle to Coker. He simply left it in her driveway for his own convenience.

State Farm also contends that Coker's alleged dominion and control over the truck remained the same throughout the entire forty-eight days the vehicle was in her driveway. Thus, State Farm contends that there was no change in her status on the day she actually drove her vehicle. This argument defies common sense. On the day that she was in the accident, Coker's status changed in that she actually got in and drove the vehicle. Until that day, she had not done so. Clearly, there was a change in Coker's connection to the vehicle when she actually got in, started the engine, and began to drive. Up until that date, she had mere custody. When she actually drove the vehicle, she for the first time had possession.

State Farm improperly contends that all of Coker's cases involve situations where there was less indicia of possession than present in the instant case. In virtually every case cited by Coker, however, someone else had actually taken physical custody of the insured's vehicle, but yet the court found legal possession to rest still with the vehicle owner. Also a couple of the decisions relied upon by Coker involve very analogous cases where someone left a car with a garage for safekeeping, and the court concluded that the garage representative did not have possession of the vehicle, even though they physically operated the vehicle. Because the garage representative did not have the right to exercise control of the vehicle for their own purposes or with a right or interest of proprietorship, legal possession remained in the owner. See Bennett Chevrolet v. Bankers & Shippers Ins., 190 A. 863 (R.I. 1937); Gibson v. St. Paul, 184 S.E. 562 (W.Va. 1936). Osborne's parking of his vehicle in Coker's driveway for his own benefit did not transfer legal possession of the vehicle to Coker.

State Farm also wrongfully argues that it is improper to consider the intended purpose of the non-owned auto clause in its interpretation. State Farm argues that this Court can consider only the actual language of the State Farm policy, and because its language is different than that in the cases relied upon by Coker, that the purpose and intent of this type clause can simply not be considered. This argument by State Farm is incorrect. As indicated in Coker's Motion for Summary Judgment and response to State Farm's Motion for Summary Judgment, it is common practice for a Florida court to consider the intended purpose of an insurance clause in order to interpret the policy. For example, in Budget

Rent-A-Car v. State Farm, 727 So. 2d 287 (Fla. 2d DCA 1999), the insured had leased a rental car for a short period of time. State Farm argued that the vehicle should not be viewed as a non-owned car because that particular policy said it was a car "not owned, registered, or leased" by the insured. The Florida court recognized, however, that the purpose of a non-owned automobile clause is to cover an insured for infrequent or casual use of an automobile. The court said by attempting to argue that a short term leased vehicle should be uncovered, that State Farm was attempting to eliminate the purpose of the protection afforded by the clause. The court interpreted the clause very narrowly and held that the short term lease of a vehicle is not really a lease, but really is the "renting" of the vehicle. Thus, the court found a short term rented vehicle to be covered. Basically, the Florida court looked at the purpose of the clause and held that to effectuate this purpose the policy must be interpreted accordingly. In this case, Coker drove the car once after it had been sitting in her driveway for forty-eight days. This is not a situation where she had frequent and regular use of the vehicle. In fact, if the accident had happened seven days earlier, State Farm would not have any argument that no coverage exists (because the vehicle would have been in Coker's custody for less than forty-two days). If the Court were to find that Coker had possession of this vehicle for forty-eight days, then this would turn the purpose and intent of a non-owned auto clause "on its head." The Court should give a reasonable and rational interpretation to the clause, considering its purpose and intent.

SUMMARY AND CONCLUSIONS

The instant declaratory judgment action is not moot because State Farm seeks a ruling that it has no duty to defend Coker, and also because Coker has a right to pursue her claim for attorney's fees under the statute. Thus, dismissal of the liability case does not moot this proceeding.

Coker did not have legal "possession" of Osborne's truck until the day she drove it. Up until then, she had only custody of the vehicle. This Court should grant Coker's Motion for Summary Judgment. Further, Coker is entitled to an award of fees and costs pursuant to provisions of Florida Statute § 627.428.

I HEREBY CERTIFY that on March 2, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: F. Bradley Hassell, Esq., Hassell, Moorhead & Carroll, 1616 Concierge Blvd., Suite 100, Daytona Beach, FL 32117; and John V. Colvin, Esq., Mooney Colvin, P.L., P.O. Box 2569, Orlando, FL 32802-2569.

s/ Chris Ballentine
CHRIS BALLENTINE
Florida Bar No. 434205
Fisher, Rushmer, Werrenrath, Dickson,
Talley & Dunlap, P.A.
390 N. Orange Avenue, Ste. 2200
Post Office Box 712
Orlando, FL 32802-0712
(407) 843-2111
(407) 422-1080 (fax)
cballentine@fisherlawfirm.com

ATTORNEYS FOR DEFENDANT,
SHELLY R. COKER

L:\CMB\Coker\PLEADING\Reply.MSJ.wpd\CMB/djb