**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**

           **Plaintiff,**

-vs-                                            Case No. 6:10-cv-1923-Orl-31DAB

**SHELLY R. COKER, JAMES DAVID**
**OSBORNE, BELINDA A. KEELS,**
**individually and as parent, guardian and**
**next friend of A.L., a minor, A.L., a minor,**
**individually,**

           **Defendants.**

## ORDER

This cause comes before the Court on a Suggestion of Mootness (Doc. 57) filed by State Farm Mutual Automobile Insurance Company ("State Farm").[1]

On November 9, 2008, Defendant Shelly Coker ("Coker") was driving a truck owned by her boyfriend, James Osborne, when she was involved in an accident. At the time of the accident, Coker was backing the truck out of her driveway when she collided with a car occupied by Defendants Belinda A. Keels ("Keels") and her minor child, A.L. Keels brought suit against Coker in state court seeking damages for injuries to A.L. After Coker demanded that State Farm "indemnify and defend" her in that case, State Farm brought the instant suit on December 23, 2010 seeking a declaration of

---

[1] Although Defendants have not directly responded, they address the mootness issue in a previously filed document. (Doc. 54) (filed as a reply to a motion in opposition to summary judgment).

its rights under Coker's automobile insurance policy.[2] State Farm paid for Coker's defense in the state court suit while this case was pending, but only after expressly reserving its right to contest coverage.

On January 17, 2012, the underlying state court suit was involuntarily dismissed with prejudice for "fraud on the court." (Doc. 57, ¶ 4). Keels failed to appeal within thirty days as required by Florida law; as such, State Farm contends that the instant suit is moot.

Defendant argues that a controversy still exists because "if State Farm were to get a ruling that there was no duty to defend the now dismissed liability case, then State Farm would have the legal right to assert that it can recover from Coker defense costs that it has paid." (Doc. 54 at 2).[3] This may be true, but State Farm has made no such demand. (Doc. 57 at 10). In fact, it represents to the Court that, "there is no issue of State Farm seeking reimbursement of its defense costs." (*Id.*). With the understanding that State Farm will not seek reimbursement from Coker for the costs it expended defending the underlying state court suit,[4] it is

**ORDERED** that this case is **DISMISSED as moot**. All pending motions are **DENIED as moot**. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 12, 2012.

Copies furnished to:

---

[2] Coker had two car insurance policies with State Farm on two different cars. Since she did not own the truck, coverage turned on the "non-owned car" clause in her policies.

[3] Coker concedes that the issue of indemnity is moot.

[4] If State Farm does intend to seek reimbursement for its defense costs–despite the representations cited herein–the Court would have to reconsider this ruling.

Counsel of Record
Unrepresented Party

_____
**GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE**