**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,**

                **Plaintiff,**

-vs-                                                       **Case No. 6:10-cv-1923-Orl-31DAB**

**SHELLY R. COKER, JAMES DAVID
OSBORNE, BELINDA A. KEELS,
individually and as parent, guardian and
next friend of A.L., a minor, A.L., a minor,
individually,**

                **Defendants.**

_____

# ORDER

      This cause comes before the Court without oral argument on a Motion for Attorney's Fees (Doc. 59), filed by Defendant Shelly R. Coker ("Coker"); and a Response (Doc. 60), filed by Plaintiff State Farm Automobile Insurance Company ("State Farm").[1]

**I. Background**

      This declaratory judgment case arises out of a coverage dispute between State Farm and its insured, Coker. Specifically, the parties dispute whether State Farm had a duty to defend and indemnify Coker in a state tort suit. While this case was pending, State Farm defended Coker under a reservation of rights until the state suit was dismissed with prejudice on January 17, 2012. Shortly after, State Farm filed a suggestion of mootness in the instant case arguing that its duty to indemnify

---

[1] The background of this case was fully set out in the Court's prior Order (Doc. 58), and will not be repeated here.

was mooted when the underlying suit was dismissed in favor of Coker (for fraud on the court committed by a third-party) as was its duty to defend because "there is no issue of State Farm seeking reimbursement of its defense costs." (Doc. 57 at 10).[2] Coker argued that the declaratory action was not moot with respect to the duty to defend because "if State Farm were to get a ruling that there was no duty to defend the now dismissed liability case, then State Farm would have the legal right to assert that it can recover from Coker defense costs that it has paid." (Doc. 54 at 2). The Court rejected Coker's argument and dismissed this case as moot. (Doc. 58). The ruling, however, was based in part on State Farm's representation that it would not seek reimbursement from Coker for the costs it expended defending the underlying suit. (Doc. 58). Coker now moves for attorney's fees pursuant to Fla. Stat. § 627.428.

## II. Analysis

Section 627.428 of the Florida Statutes entitles an insured to an award of attorney's fees when judgment is entered against an insurer. Florida courts have construed the statute to authorize an award of fees when the insurer voluntarily pays the insured's claim before such a judgment can be rendered. *Wollard v. Lloyd's & Cos. of Lloyd's*, 439 So. 2d 217, 218-19 (Fla. 1983). In the words of the Florida Supreme Court, an insurance company that agrees to settle a disputed case "has, in effect, declined to defend its position in the pending suit," which makes the settlement payment "the functional

---

[2] Under Florida law, the duty to defend is much broader than the duty to indemnify. *See, e.g., Jones v. Fla. Ins. Guar. Ass'n, Inc.*, 908 So. 2d 435, 443 (Fla. 2005). As a result, "where the insurer has no duty to defend, it necessarily has no duty to indemnify." *See, e.g., Nova Cas. Co. v. Waserstein*, 424 F.Supp.2d 1325, 1332 (S.D. Fla. 2006) (citing *Fun Spree Vacations, Inc. v. Orion Ins.*, 659 So. 2d 419, 421 (Fla. 3d DCA 1995)). This case presents the opposite situation, the involuntary dismissal of the underlying suit rendered State Farm's duty to indemnify moot, but not necessarily its duty to defend.

equivalent of a confession of judgment or a verdict in favor of the insured." *Id*. at 218. Therefore, "[a]n insurer will owe attorney's fees to its insured where coverage is disputed and the insured prevails whether by judgment or a confession of judgment." *First Floridian Auto & Home Ins. Co. v. Myrick,* 969 So. 2d 1121, 1123-24 (Fla. 2d DCA 2007) (citation and quotations omitted).

Florida courts have held that the "confession of judgment" rationale in *Wollard* applies where an insurer settles a third-party suit, then voluntarily dismisses the related declaratory judgment action. *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, No. 6:06-cv-1562-ORL-31KRS, 2007 WL 1839409 at *3 (M.D. Fla. June 26, 2007) (unless the declaratory judgment case was initially brought by the insured); *Mercury Insurance Co. of Florida v. Cooper*, 919 So. 2d 491 (Fla. 3d DCA 2005); *Unterlack v. Westport Insurance Co.*, 901 So. 2d 387 (Fla. 4th DCA 2005); *O'Malley v. Nationwide Mut. Fire Ins. Co.*, 890 So. 2d 1163 (Fla. 4th DCA 2004). The instant case however, presents a slightly different issue: whether the "confession of judgment" rationale applies to a declaratory judgment suit rendered moot by the involuntary dismissal of a related third-party suit.

A similar situation was addressed in *O'Malley v. Nationwide Mut. Fire Ins. Co.*, 890 So. 2d 1163 (Fla. 4th DCA 2004). In *O'Malley*, the insurer defended its insured in a tort action under a reservation of rights and initiated a separate declaratory relief action as to the duty to defend. *Id.* at 1164. The insurer was able to settle the underlying tort action without having to pay any money, after which it dismissed the declaratory action. *Id.* The insured sought fees under Section 627.428. *Id.* The trial court declined to award fees, finding that the insured had not prevailed because, unlike the insured in *Wollard*, she had not received any money from the insurer. *Id.* The appellate court reversed, finding that the trial court's focus on money ignored the benefit received by the insured:

> If Nationwide had obtained a judgment in the declaratory action, the insured would have been responsible for furnishing her own defense and resolving the tort claim. As it turned out, however, Nationwide furnished the insured a defense and settled the claim. Nationwide, in that action, provided the insured precisely what Nationwide was contending the insured was not entitled to in the declaratory action. When Nationwide dismissed the declaratory action, it was thus the "functional equivalent of a confession of judgment or a verdict in favor of the insured" in the declaratory action. *Wollard*, 439 So. 2d at 218.

*O'Malley* at 1164.

The only material difference between *O'Malley* and this case is that here, State Farm did not voluntarily dismiss the declaratory action. State Farm attaches great weight to this distinction, arguing that since it did not move to voluntarily dismiss the instant action, it did nothing "functionally equivalent" to a confession of judgment. A brief review of the facts, however, suggests otherwise. Coker received the benefit of the policy which is disputed in the instant suit; State Farm paid for her defense. As such, State Farm had a right to continue the instant suit and seek reimbursement for those fees if the Court determined that it had no duty to defend under Coker's policy. It did not do that. It chose instead to file a suggestion of mootness in which it represented to the Court "there is no issue of State Farm seeking reimbursement of its defense costs." (Doc. 57 at 10). On these facts, the difference between a voluntary dismissal and a dismissal as moot is immaterial.[3] State Farm's representations to the Court amount to a "functional equivalent of a confession of judgment or a verdict in favor of the insured." *Wollard*, 439 So. 2d at 218.

---

[3] It is worth noting that State Farm could easily have moved to voluntarily dismiss this action. Had that happened, Coker would clearly be entitled to fees under *O'Malley*. State Farm presents no compelling reason for the Court to reach a different result on these facts.

State Farm relies on an unpublished Eleventh Circuit case for the proposition that since it did not settle the underlying tort suit, it took no action equivalent to a confession of judgment.[4] In *Canal Insurance Co. v. SP Transport Inc.*, 272 Fed. App'x 825 (11th Cir. 2008), the Eleventh Circuit held that under Florida law, the settlement of a third-party claim and dismissal of a related declaratory judgment action as moot constitutes a confession of judgment. *Id*. at 827. The court stated the facts as follows:

> SP Transport, a trucking company, was covered by an insurance policy issued by Canal. A truck owned by SP Transport was involved in an accident that killed Frank Fernandez, the driver of the truck, and Pedro Guelmes, a passenger in the truck. Canal filed a complaint in the district court that sought a declaratory judgment that Canal was not required to defend or indemnify SP Transport. A month later, Guelmes's estate brought a tort action against SP Transport in a Florida court.
> Canal initially provided a defense for SP Transport in the tort action under a reservation of rights, but Canal later settled Guelmes's complaint on behalf of SP Transport. After the settlement, SP Transport moved to dismiss the complaint for a declaratory judgment on the ground that the settlement had rendered it moot. The district court granted the motion and dismissed the complaint without prejudice. SP Transport filed a motion for attorney's fees, but the district court denied the motion.

*Id*. at 825. The district court denied SP Transport's motion for attorney's fees because, although the underlying case was settled, Canal still intended to seek reimbursement for the defense costs. As such, it did not "decline to defend its position" in the coverage dispute. In reversing the district court however, the Eleventh Circuit reasoned that "[b]y settling the third-party suit, Canal . . . declined to defend its position that it was not required to defend or indemnify SP Transport." *Id*. at 828.[5]

---

[4] 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."); *Borden v. Allen*, 646 F.3d 785, 808 n. 27 (11th Cir. 2011).

[5] Courts often conflate the duty to defend and the duty to indemnify, even though they are separate and distinct duties under Florida law. *First Am. Title Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 695 So. 2d 475, 476 (Fla. 3d DCA 1997).

*Canal* is inapplicable to this case for at least two reasons. First, it does not stand for the proposition that the settlement of an underlying claim is the exclusive situation where the confession of judgment rationale applies–as State Farm appears to contend. Second, *Canal* is factually distinguishable because it involves the settlement of an underlying claim by an insurer that expressly intended to seek reimbursement. In this case, State Farm did not settle the underlying claim and it expressly declined to seek reimbursement.

Nevertheless, State Farm cites *Canal* and argues that since it did not settle the underlying suit, it did not confess judgment with respect to its duty to defend. However, State Farm did expressly decline to defend its position when it represented to this Court that "there is no issue of State Farm seeking reimbursement of its defense costs." (Doc. 57 at 10). Under the reasoning in *Wollard* and *O'Malley*, this is equivalent to a confession of judgment entitling Coker to attorney's fees. It is therefore,

**ORDERED** that Defendant's Motion for Attorney's Fees and Costs (Doc. 59) is **GRANTED**. Defendant shall submit a detailed affidavit of her attorney's fees and costs incurred defending this case by no later than Friday, May 4, 2012.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 18, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**