**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY,**

                **Plaintiff,**

-vs-                                 **Case No.  6:10-cv-1923-Orl-31DAB**

**SHELLY R. COKER,  JAMES DAVID**
**OSBORNE,  BELINDA A. KEELS,**
**individually and as parent, guardian and**
**next friend of A.L., a minor, A.L., a minor,**
**individually,**

                **Defendants.**

## ORDER

      This cause comes before the Court on a Motion for Attorney's Fees (Doc. 59) filed by Defendant Shelly R. Coker, and a Response (Doc. 68) filed by State Farm.

      This declaratory judgment case arises out of a coverage dispute between State Farm and its insured, Coker. On April 18, 2012 the Court granted Coker's Motion for Attorney's Fees and Costs (Doc. 59) pursuant to Fla. Stat. § 627.428 and directed the parties to file briefs and supporting affidavits addressing the amount of the award. Coker filed the affidavits of herself and her attorney, Chris Ballentine (Doc. 65) and an expert affidavit (Doc. 67). State Farm filed a Response (Doc. 68) including two supporting affidavits.

      Coker seeks a base amount of $48,370.00 ($350.00 per hour for 138.2 hours of work), which State Farm does not challenge. The only issue is whether Coker is entitled to a contingency fee multiplier and $2,605.77 in costs.

**I. Attorney's Fees**

In determining the reasonable amount of attorneys' fees to be awarded, Florida follows the federal "lodestar" approach, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *Ottaviano v. Nautilus Inc*., 717 F. Supp. 2d 1259, 1264 (M.D. Fla. 2010); *see also Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996). "The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. After determining the lodestar, the court may adjust the amount depending upon a number of factors, including the quality of the results and representation of the litigation." *Duckworth*, 97 F.3d at 1396 (internal citations omitted).

Florida also allows for a contingency fee multiplier in cases where there is a risk of nonpayment. *Standard Guarantee Ins. Co. v. Quanstrom*, 555 So. 2d 828 (Fla. 1990). In addition to the factors a court is directed to consider with respect to determining the lodestar amount, the Florida Supreme Court instructed that two additional factors should be considered in determining whether a multiplier is needed: (1) whether the relevant market requires a contingency multiplier to obtain competent counsel; and (2) whether the attorney was able to mitigate the risk of non-payment in anyway. *Id*. at 834.

**II. Analysis**

**A. Contingency Fee Multiplier**

In support of her claim for a contingency multiplier, Coker claims that she did not have the financial resources to pay an hourly rate and that at least one firm declined to take her case. (Doc. 65 at 30-31). Coker also submitted the affidavit of her attorney, Chris Ballentine, in which he

claims that this case precluded him "to some extent" from working on other cases for a guaranteed hourly rate, that "there was no way to mitigate against the risk of non-payment," and that "very few lawyers in the Central Florida area . . . would accept representation of Ms. Coker, unless they had the opportunity to obtain a contingency fee multiplier." (Doc. 65 at 8). Coker's expert, George Vaka, agrees that a multiplier is applicable because of the unavoidable risk involved. (Doc. 67 at 18).

State Farm cites a myriad of cases for the proposition that the lodestar amount is presumed to represent a reasonable fee and that a multiplier is applied only where there is evidence on the record that without the multiplier, the insured would have difficulty finding counsel. *See Sun Bank of Ocala v. Ford*, 564 So. 2d 1078 (Fla. 1990); *USAA Ins. Co. v. Prime Care Chiropractic Centers, P.A.*, __ So. 3d__, No. 2D10-6217, 2012 WL 1605499 (Fla. 2d DCA, May 9, 2012); *Progressive Express Ins. Co. v. Shultz*, 948 So. 2d 1027 (Fla. 5th DCA 2007). It argues that Coker fails to present any "probative evidence" that either (1) she had difficulty finding counsel, or (2) that the risk of nonpayment was unavoidable. The Court disagrees.

This is not a case where the inherent risk was balanced by a potentially high reward. State Farm initiated this declaratory judgment action in response to an underlying state court suit against Coker. Since no damages were involved, there was no opportunity for a contingency fee based on a percentage of the recovery. Coker's success in this suit meant only that State Farm would have to defend and indemnify her in the underlying suit and possibly pay for her attorney's fees under Fla. Stat. § 627.428. Without a multiplier, an attorney would have little incentive to take such a case when he or she could accept another case at an hourly rate or with a lower risk of nonpayment. The affidavits supplied by Coker are sufficient evidence to conclude that a multiplier is justified. Thus,

the Court finds that a reasonable multiplier in this case is 1.5--amounting to a total fee award of $72,555.00.[1]

### B. Costs

Coker requests costs under 28 U.S.C. § 1920 in the amount of $2,605.77 (Doc. 65 at 29). State Farm argues that Coker is entitled to only $154.76 in costs. (Doc. 68 at 20).

§ 1920 permits the taxation of the following costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Coker has requested numerous costs that are not taxable, including postage, research costs, long distance phone charges, and travel expenses. Further, Coker's record of costs is extremely vague. For example, she requests reimbursement for $832.51 worth of copying costs without providing any detail from which the Court could determine whether such copies were reasonably necessary in this case. Accordingly, Coker may only recover for $1.60 in PACER charges (which State Farm does not dispute) and $153.16 for a copy of Coker's deposition transcript.

---

[1] 138.2 hours, at a rate of $350.00 per hour, equals $48,370.00, multiplied by 1.5 results in a total fee award of $72,555.00.

**III. Conclusion**

For the reasons stated herein, it is

**ORDERED** that Defendant's Motion for Attorney's Fees and Costs (Doc. 59) is **GRANTED in part**. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff in the amount of $72,555.00 in attorney's fees and $154.76 in costs, for a total of $72,709.76.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 28, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**